El Pueblo de Puerto Rico, demandante y apelado, *v.* Confesor Méndez, acusado y apelante.

No. 3619.—*Sometido:* Febrero 19, 1929. *Resuelto:* Julio 16, 1929.

*L. Muñoz Morales,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La acusación contra el apelante originalmente comprendía también a Martín Alvira y a Manuel Martínez. Este último no sólo confesó el delito, sino que ocupó la silla testifical para inculpar a Confesor Méndez como el autor principal del escalamiento en este caso. En otras palabras, Martínez prestó declaración tendente a demostrar que mientras él vigilaba, Alvira penetró en un garage, tomó de allí tres gomas para automóvil, y las entregó a Confesor Méndez. Según Martínez, Confesor Méndez dió instrucciones a los otros dos hombres para que hicieran otras cosas en el garage, pero lo que se hizo fué penetrar en el garage y llevarse las tres gomas. Esas gomas fueron halladas en poder de Confesor Méndez. El no trató de ocultar la posesión de ellas, pero alegó que simplemente se las había comprado a uno de los otros acusados. Confesor Méndez ocupó la silla

testifical, para hacer estas manifestaciones, y la explicación que hizo relativa a la posesión de las gomas no fué atacada seriamente durante la repregunta.

■■ Se alega en apelación que la declaración de Martínez, el supuesto cómplice, no fué suficientemente corroborada. Cuando se comete un escalamiento, prueba de la posesión de los efectos sustraídos constituye alguna evidencia que tiende a relacionar al poseedor con el delito. Hubo prueba tendente a demostrar, además, que Méndez tuvo ciertas negociaciones con el, dueño del automóvil con miras de comprar el automóvil, y que estaba familiarizado con el sitio.

La posesión por sí sola no es suficiente para una convicción. La posesión en este caso estaba acompañada, para los fines de la acusación, por la declaración del cómplice.

Igualmente, la declaración del cómplice estaba corroborada por la posesión. El artículo 253 del Código de Enjuiciamiento Criminal lee como sigue:

"No procede la convicción por declaración de un cómplice, a no ser que ésta sea confirmada por alguna otra prueba que, por sí misma y sin la ayuda del testimonio del cómplice, tienda a demostrar la relación del acusado con la comisión del delito; no siendo suficiente dicha corroboración si sólo prueba la perpetración del delito o las circunstancias del mismo."

La posesión de objetos sustraídos por los escaladores tendía a relacionar al acusado con la comisión del delito, y, por tanto, era legalmente suficiente para someter el caso al veredicto de un jurado. El jurado en este caso declaró culpable a Confesor Méndez.

Por consiguiente, no hallamos error alguno ni al someter el caso al jurado ni al denegar la concesión de un nuevo juicio por fundamentos similares.

■ Tampoco importa que Confesor Méndez no estuviera presente y que no penetrara en el garage, si según la prueba demostró, él urdió o aconsejó la entrada al garage por los

otros. Artículo 36 del Código Penal. *El Pueblo* v. *Vélez Posada,* 36 D.P.R. 580, y *El Pueblo* v. *Vélez,* 32 D.P.R. 382.

■ Otro fundamento para la moción de nuevo juicio era el descubrimiento de nueva prueba. Alguna de esta prueba tendía a demostrar que Alvira—el otro cómplice—hizo declaraciones a los detectives bajo compulsión. Los detectives declararon durante el juicio en relación con las manifestaciones de Alvira. El juez que vió las declaraciones juradas en apoyo del nuevo juicio fué el mismo que presidió la vista del caso. Era su privilegio o deber apreciar la supuesta nueva prueba descubierta para determinar si según ella debía ordenarse un nuevo juicio. No hallamos que cometiera abuso de discreción en su negativa.

■ Al terminar la prueba de cargo, el apelante presentó una moción de *non suit.* Al ser declarada sin lugar, presentó su propia prueba, y no hallamos que se cometiera error al declarar sin lugar su moción.

El cuarto señalamiento de error ha sido cubierto por las consideraciones generales de esta opinión.

*Debe confirmarse la sentencia apelada.*