[Crim. No. 259.  Fourth Appellate District.—December 20, 1933.]

THE PEOPLE, Respondent, v. ALLISON JAMESON, Appellant.

Edw. L. Johnson for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

MARKS, J.—The defendant was accused by two counts of an information of the crime of rape and of the crime of lewd and lascivious conduct. The jury acquitted him on the first charge and convicted him on the second. He has appealed from the judgment and the order denying his motion for new trial. As his sole ground for a reversal he urges that as but one act was proved the verdicts are inconsistent and that an acquittal on the first count must be held to effect an acquittal on the second.

Defendant is of the age of fifty-nine years and the girl involved is of the age of nine years. There can be no good purpose served in detailing any of the evidence here. █ We have examined the record carefully and have reached the following conclusions: (1) The evidence fully justified the jury in acquitting the defendant of the charge of rape. (2) While the evidence might be construed so that a conviction of either of the included offenses of attempt to commit rape or assault with intent to commit rape might have been upheld, it points most strongly to the offense charged in the second count of the information. (3) The evidence supports the conviction under the second count of the information.

█ The elements of the crime of rape and its included offenses are not the same as those of lewd and lascivious conduct. (Secs. 288, 220, 261, 664, Pen. Code; *People* v. *Parker,* 74 Cal. App. 540 [241 Pac. 401]; *People* v. *McAfee,* 82 Cal. App. 389 [255 Pac. 839].)

Under the facts before us the verdict of acquittal of the crime of rape is not inconsistent with the verdict of guilty of the crime of lewd and lascivious conduct, and the acquittal of the first offense does not effect an acquittal of the second.

The judgment and order appealed from are affirmed.

Barnard, P. J., and Jennings, J., concurred.