[Crim. No. 2736. Second Appellate District, Division Two.—June 29, 1935.]

THE PEOPLE, Respondent, v. HARVEY WILSON, Appellant.

W. Thomas Davis for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

WILSON, J., *pro tem.*—The appellant and a codefendant were charged in three counts with the crime of rape by force and violence, with violation of section 288a of the Penal Code, and with attempted violation of section 286. Appellant was convicted of the first and third offenses and of attempting to commit the second. His codefendant was acquitted of all three charges.

Two points raised by the appellant, to wit, that the verdict was contrary to the evidence and that there was not sufficient evidence to sustain the conviction of rape, may be

considered together. A statement of the revolting testimony would serve no purpose. It is ample to sustain the verdict. The appellant admitted the act of sexual intercourse, but asserted that the prosecutrix consented thereto. Her evidence as to force and violence is corroborated by her having jumped from a window completely nude, by the evidence of two lay witnesses who saw her immediately thereafter and to whom she made complaint, by her hysterical condition, by the evidence of a physician who examined her within a short time after the crime was committed, and by the presence of bruises and lacerations upon her face and body. Such conflicting evidence as is in the record came from the appellant, from his codefendant who was on trial with him, and from another man who accompanied them to the apartment of the prosecutrix but who was in an intoxicated condition. The acquittal of appellant's codefendant furnishes no reason for a reversal. The claim was not that the codefendant actually outraged the prosecutrix but that he assisted by holding her while the several acts were committed by appellant. This is not one of the class of cases in which the acquittal of one defendant necessarily requires the acquittal of another. It would be idle to speculate concerning the reason for the verdict in favor of the codefendant. A reasonable doubt in the minds of the jurors as to whether he assisted the appellant would be sufficient answer to the query.

During the trial the deputy district attorney propounded questions to the prosecutrix which did not concern the crime and which appellant asserts were asked for the purpose of exciting the sympathy of the jury. The questions were highly improper and the trial deputy must have known they had no relevancy to the issues. Appellant's counsel made no objection to the questions, but immediately upon the apparency of their improper character the trial judge directed the deputy to cease his line of inquiry and instructed the jury to disregard the questions and the answer already given. We must assume that the jury followed the court's instruction.

The motion for a new trial was made upon the ground of newly discovered evidence set forth in the affidavit of a prisoner in the county jail who had been convicted of a felony but not sentenced. The statements made in the affidavit indicate the unchastity of the prosecutrix. Inasmuch as she

admitted that she was living with a man to whom she was not married, the proffered evidence would have merely corroborated her admission of immorality. Furthermore, it does not appear why the evidence was not produced at the trial.

The judgment and the order denying a new trial are affirmed.

Crail, J., and Stephens, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 29, 1935.