[Crim. No. 1905. First Appellate District, Division Two.—September 18, 1936.]

THE PEOPLE, Respondent, ·v. DELFIN VILLARUZ et al., Appellants.

Duncan Oneal for Appellants.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—Bobby Bautista, Denny Severino, Tony Bascum, Max Peralto and Delfin Villaruz were charged in the information filed by the district attorney with the crime of robbery. Each defendant entered a plea of not guilty and all were tried before the trial court sitting without a jury as a jury was waived by each. The trial court found Delfin Villaruz not guilty, but it found all other defendants guilty as charged. Motions of the

latter for probation were made and denied. A motion for a new trial was made by them and denied. Thereafter each defendant, except Villaruz, was sentenced to San Quentin for the time prescribed by law. From the final judgment of conviction and from the order denying a new trial the defendants, so sentenced, have appealed.

The defendants assert that their grounds of appeal are: (1) That the decision rendered is contrary to the evidence and (2) that the evidence adduced upon the trial was not sufficient to sustain the judgment of conviction. The case as presented by the prosecution was that on the evening of the 8th day of February, 1936, the defendants entered a small store operated by one Mastrangelo about ten miles south of San Jose and by exhibiting a gun took from the possession of the owner Mastrangelo about $61 lawful money of the United States. Mastrangelo and his wife were called as witnesses and identified each defendant. Each witness testified positively. At this time the defendants earnestly contend that although the identification was positive Mastrangelo and his wife under the circumstances could not have been positive because all of the defendants were Filipinos and therefore looked much alike and are hard to identify, etc. It is entirely sufficient to state that all of these arguments might properly have been presented to the trier of the facts and we will assume they were. But such arguments may not properly be used by a court of review to reverse the decision of the court below. (*People* v. *Radz,* 119 Cal. App. 435, 436 [6 Pac. (2d) 527].)

A special point is made to the effect that as the trial court found the defendant Villaruz not guilty, therefore it should have found the other defendants not guilty. The point has no merit. The defendant acquitted introduced evidence of an alibi applicable to himself alone. Assuming the trial court believed the evidence introduced in proof of such alibi, it follows it believed the complaining witnesses were mistaken in their testimony identifying the defendant Villaruz. However, it does not necessarily follow that it should have believed said witnesses were mistaken in identifying the other defendants.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., concurred.