[Crim. No. 524. Fourth Appellate District.—September 11, 1939.]

THE PEOPLE, Respondent, v. DON DOXIE, Appellant.

W. C. Dorris and R. W. Henderson for Appellant.

Earl Warren, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

MARKS, Acting P. J.—This is an appeal from an order denying defendant's motion for a new trial and from the judgment pronounced upon him.

Defendant was charged with the violation of the provisions of section 288 and an attempt to violate the provisions of section 288a of the Penal Code, alleged to have been committed on the person of a little girl slightly less than five years of age. He was found guilty of the first and not guilty of the second offense charged.

Defendant urges that the verdicts are inconsistent and that, as there was only one act involved, the verdict finding him not guilty of attempting to violate the provisions of section 288a of the Penal Code cannot be reconciled with the verdict finding him guilty of violating the provisions of section 288 of the same code.

It is well settled in California that inconsistent verdicts cannot be allowed to stand. It is equally well settled that in order to be inconsistent, verdicts must be rendered in response to charges of offenses the elements of which are

identical. (*People* v. *McCollum*, 116 Cal. App. 55 [2 Pac. (2d) 432]; *People* v. *Jameson*, 136 Cal. App. 10 [27 Pac. (2d) 935].)

A reading of the two sections of the Penal Code involved here clearly demonstrates that the elements of the offenses defined in them are not identical. This is so evident that it should not be necessary to point out the dissimilarities here.

█ Defendant complains of the following instruction given to the jury:

"The fact that the answers of a child witness to questions of counsel consisted of words of one syllable is not of itself conclusive that she did not tell the truth about the defendant's conduct towards her. If there is no inherent improbability in her account of the transaction, it is solely for the jury to determine whether her testimony is credible or otherwise; and in doing so you will be governed by the same rules as in determining the credibility of other witnesses as given you in another instruction."

Since the adoption of the amendment to section 19 of article VI of the Constitution of California, trial courts "may make such comment on the evidence and the testimony and credibility of any witness as in its opinion is necessary for the proper determination of the case. The court shall inform the jury in all cases that the jurors are the exclusive judges of all questions of fact submitted to them and of the credibility of the witnesses".

While the exact language of the instruction is not to be praised, its intent clearly falls within the quoted language of the Constitution. The trial court elsewhere properly instructed the jurors that they were the sole judges of the weight and sufficiency of the evidence and of the credibility of the witnesses.

█ Lastly, defendant complains of several rulings of the trial judge in overruling defendant's objections to leading questions put to the little girl during her direct examination.

In the interests of justice the trial judge, in the exercise of a sound discretion, may permit leading questions to be propounded to a witness on direct examination. (Sec. 2046, Code Civ. Proc.)

We can find no reversible error in the rulings of the trial judge on these objections to the leading questions. The

testimony of the little girl was strongly corroborated by extra-judicial statements made by defendant and by his own testimony given under oath at his preliminary examination. The only material difference in the evidence of defendant at the preliminary examination and in the testimony of the little girl at the trial is found in this: defendant testified to an attempt to commit the crime that was interrupted by someone knocking on the door of his room, while the little girl testified that the crime was consummated. Under the state of the record before us, we can find no prejudicial error in the questioned rulings. Further, we cannot conclude that there was an abuse of discretion in permitting leading questions to be propounded to the little girl.

The judgment and order denying the motion for new trial are affirmed.

Griffin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 22, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 9, 1939.