[Crim. No. 4125. Second Dist., Div. Two. Sept. 30, 1947.]

THE PEOPLE, Respondent, v. CLAIR V. EDWARDS, Appellant.

Horace Appel and Warner I. Praul for Appellant.

Fred N. Howser, Attorney General, and Ward Sullivan, Deputy Attorney General, for Respondent.

WILSON, J.—Appellant and his wife, Margaret Edwards, were charged with the crime of burglary in five counts. Trial was had before a jury which returned a verdict acquitting Mrs. Edwards and convicting appellant on all counts. Appellant has appealed from the judgment of conviction and from the order denying his motion for a new trial.*

The evidence shows that each of the five dwellings referred to in the information had been entered during the absence of the owner and that various articles of wearing apparel, furs, jewelry, perfume and other personal property had been removed. One of the prosecuting witnesses identified appellant as a man whom he had seen two or four weeks prior to the night

---

*Appellant's brief fails to comply with rule 15 of the Rules on Appeal that became effective on July 1, 1943 (22 Cal.2d 1, 12) in that it is not "prefaced by a topical index of its contents." The statement of the points relied on by appellant appearing in the middle portion of the brief is not a preface and does not meet the requirement of the rule.

of the burglary walking along the side of the witness' house then down the street and into a vacant lot. Articles belonging to each of the prosecuting witnesses were found in appellant's home when he was arrested and were identified by the respective owners. Several suits of clothing belonging to one of the prosecuting witnesses were found in appellant's home. When the witness asked where the rest of the stolen suits were, appellant made no response. Two police officers testified that on the evening of the arrest appellant stated to them that a friend, whose name appellant did not mention, had asked him if he, appellant, would like to make some easy money; that after a short conversation they went to one of the houses, the other person went to the back door, came through the house and admitted appellant through the front door; that they took suits of clothes, furs, and other property.

Appellant attempted to account for his possession of the stolen property by stating that (1) he had purchased some of the clothing, perfume and other articles from a boy named Tony whose last name was unknown to appellant, and an automatic pistol from a cab driver, (2) had won a wrist watch in a dice game, and by other equally timeworn explanations.

Appellant endeavored to establish an alibi for each of the offenses by testimony of himself and of others to the effect that upon the occasion of each of the several burglaries he was at a point far distant from the scene of the crime.

Appellant relies for a reversal upon alleged errors of the court in giving and refusing to give instructions to the jury and upon the contention that the verdict convicting him is inconsistent with the acquittal of his codefendant.

1. Appellant contends that the court erred in refusing to give the following instruction requested by defendants. *"Alibi When Charge Is That Defendant Actively Participated* When one who was not at the place where a crime was committed at the time of its commission is later charged with having been present and having committed or taken part in committing such crime, *her* absence from the scene of the crime, if proved, is a complete defense that we call an alibi.

"The *defendant,* MARGARET EDWARDS, in this case has introduced evidence tending to prove that *she* was not present at the time and place of the commission of the alleged offense, for which *she* is here on trial. If, after a consideration of all the evidence, you have a reasonable doubt whether

or not the *defendant* was present at the time the crime was committed, *she* is entitled to an acquittal. (Emphasis added.)

The emphasis above indicated does not appear in the instruction as requested but the words are italicized here for the purpose of illustrating what we are about to say. It will be observed that the proposed instruction refers to defendant Margaret Edwards alone, that the singular noun "defendant" is twice used, and that all pronouns are of the feminine gender and singlar number—"she" and "her." A similar instruction was not requested on behalf of appellant alone or on behalf of the defendants jointly.

If the court had given the instruction, the fact that it refers to Margaret Edwards alone could have been and no doubt would have been taken by the jury as singling her out as the beneficiary of the alibi, to the detriment of appellant and would have emphasized in the minds of the jurors that they should ignore the evidence concerning the abili presented on behalf of appellant.

Moreover, it is not the duty of a trial court to give an instruction in respect to an alibi unless a request therefore has been made by the defendant. (*People* v. *Whitson*, 25 Cal.2d 593, 603 [154 P.2d 867], and cases there cited; *People* v. *Keilly*, 54 Cal.App.2d 764, 767 [129 P.2d 939] ; *People* v. *Dunlop*, 79 Cal.App.2d 207 [179 P.2d 658].)

The cases cited by appellant (*People* v. *Visconti*, 31 Cal. App. 169, 170 [160 P. 410] ; *People* v. *Winters*, 125 Cal. 325, 329 [57 P. 1067] ; *People* v. *Quinn*, 111 Cal.App. 614, 620 [295 P. 1042] ; *People* v. *Wilson*, 100 Cal.App. 428, 430 [280 P. 169] ; *People* v. *Garrett*, 93 Cal.App. 77, 78 [268 P. 1071]) to the effect that it is error to refuse an instruction on the subject of alibi are those in which such an instruction had been expressly requested by the defendant. In the Winters case the court gave one instruction on the matter of alibi and refused another requested by the defendant because it omitted the qualification of reasonable doubt.

Appellant relies further on *People* v. *Best*, 13 Cal. App.2d 606 [57 P.2d 168], to the effect that in a criminal case it is incumbent on the court to instruct the jury of its own motion relating to the "general principles" of law pertinent to the case, even though the party does not present such instruction in writing. This rule does not require the court to instruct on special matters such as the defense

of alibi, since it is not treated as a "general principle" of law. (*People* v. *Whitson, supra.*)

■ 2. Appellant's next point is that the court erred in giving the following instruction: "PRINCIPAL AND AC-CESSORY The Court instructs the jury, that it is the law of this State, that all persons concerned in the commission of a crime, whether they directly committed the act constituting the offense or knowingly and with criminal intent aided and abetted in its commission, shall be prosecuted, tried and punished as principals, and are equally guilty."

It is contended that the instruction is not applicable to the evidence, since appellant and his wife were charged with burglary by their own acts of breaking into the dwellings referred to in the information and there was no claim by the prosecution and no evidence that appellant aided and abetted another person. The evidence of the police officers that appellant made a confession to them on the day of his arrest, stating that an unnamed person asked him if he wanted to make some easy money, drove him to one of the houses, entered the back door and admitted appellant through the front door, and that appellant and the unnamed person removed clothing and other personal property from the house is sufficient to justify the giving of the instruction, since appellant's confessed acts make him an aider and abetter of the unknown person in committing the burglary. In *People* v. *Duran,* 57 Cal.App.2d 363 [134 P.2d 305], an instruction was given on the law of conspiracy. There was no charge of conspiracy against the defendant, but there was evidence of a conspiracy in that the defendant and other persons were acting together, to the end of accomplishing the same purpose. By reason of such evidence the court held (p. 371) that the instruction was proper.

Since the distinction between an accessory before the fact and a principal has been abrogated (Pen. Code, § 971) appellant would have been guilty of the crime of burglary whether he himself entered the house and took the property or merely aided and abetted the unnamed person in so doing. For both reasons the court did not err in giving the instruction.

■ 3. Appellant contends that the court erred in refusing to give the following instruction requested by defendants: "*Individual Opinion Required* The People and the defendants all are entitled to the individual opinion of each

juror. It is the duty of each of you, after considering all the evidence in the case, to determine, if possible, the question of the guilt or innocence of the defendants. When you have reached a conclusion in that respect, you should not change it merely because one or more or all of your fellow jurors may have come to a different conclusion. However, each juror should freely and fairly discuss with his fellow jurors the evidence and the deductions to be drawn therefrom. If, after doing so, any juror should be satisfied that a conclusion first reached by him was wrong, he unhesitatingly should abandon that original opinion and render his verdict according to his final decision.''

Appellant concedes that the refusal to give this instruction standing alone does not constitute prejudicial error but argues that the refusal to give it constituted error when coupled with other alleged errors. To this contention there are two answers: (1) The errors of which appellant complains we find to be without foundation. (2) In *People* v. *Grahle,* 67 Cal.App. 183, 193 [227 P. 227], the court stated that such an instruction was proper and should be given but that the refusal to give it ''does not constitute such error as will for that reason alone justify the reversal of the case.'' (See, also, citations in Grahle case.)

■ 4. Appellant's last point, upon which he bases his claim for reversal, is that since appellant and his wife were jointly charged with the commission of the five offenses described in the information the verdicts convicting appellant and acquitting his wife are inconsistent and for that reason the judgment should be reversed. We have referred to the evidence that personal property belonging to each of the five victims of the several burglaries was found in the home of appellant and his wife, and to the confession of appellant that he himself entered one of the homes accompanied by the unnamed person and not by his wife. If the jury believed that statement they may have believed that appellant's wife did not accompany him when any of the other burglaries were committed. Giving consideration to the entire evidence we find nothing inconsistent between the two verdicts.

The case of *People* v. *Doxie,* 34 Cal.App.2d 511 [93 P.2d 1068], cited by appellant, does not support his argument. That case did not involve the prosecution of two persons. One person was charged with two offenses, was found guilty

of one and not guilty of the other. The court held that while inconsistent verdicts cannot be allowed to stand, the elements of the two offenses described in the information were not identical and that the verdicts were not inconsistent.

 When there is the slightest difference in the evidence as between two persons jointly tried the trier of facts may weigh the evidence and make allowance for such difference, and when that is done and one is acquitted and the other convicted, the fact that the evidence involves the acquitted person to some extent will not require the exoneration of the other. (*People* v. *Talbot,* 200 Cal. 3, 17 [28 P.2d 1057]; *People* v. *Villaruz,* 16 Cal.App.2d 492, 493 [60 P.2d 886]; *People* v. *Wilson,* 8 Cal.App.2d 200, 202 [47 P.2d 349].)

The judgment and the order denying appellant's motion for a new trial are affirmed.

McComb, J., concurred.

Mr. Presiding Justice Moore, deeming himself disqualified, takes no part in this decision.

A petition for a rehearing was denied October 7, 1947, and appellant's petition for a hearing by the Supreme Court was denied October 27, 1947.