EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS RAMÓN ROSADO MÁRQUEZ, acusado y apelante.

Número 16040.

*Sometido:* 5 de diciembre de 1955. *Resuelto:* 26 de marzo de 1956.

*Ernesto R. Rodríguez Aponte,* abogado del apelante; *Hon. Secretario de Justicia José Trías Monge, y Rafael L. Ydrach Yordán y Ramón Olivo Nieves, Fiscal y Fiscal Especial, respectivamente, del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del Tribunal.

Solicita el apelante que revoquemos la sentencia dictada en su contra por el Tribunal Superior, Sala de San Juan, por el delito de escalamiento en primer grado. Se le acusó de haber penetrado "ilegal, voluntariamente y maliciosamente..., durante las horas de la noche, en la casa residencia de Stanley F. Trierweller, con la intención de cometer, como cometió, hurto y ratería". Apunta tres errores.

■ En el primer señalamiento sostiene que se equivocó la Sala de instancia al declararle culpable, por no haberse probado que entrara en dicha residencia durante la noche, contención que a nuestro juicio está totalmente desprovista de méritos. La evidencia presentada por el ministerio fiscal demostró que Trierweller y su esposa regresaron del cinematógrafo a su casa, entre once y treinta y once y treinticinco de la noche del día seis de abril de 1954, encontrando al apelante en el interior de la casa, en momentos en que trataba de salir de ella por una ventana, que tenía tela metálica, cortada después que los esposos Trierweller dejaron su residencia para ir al mencionado espectáculo. El acusado tenía puestos unos zapatos de la señora Trierweller, y en su poder otros artículos pertenecientes a ella. No hubo prueba en cuanto a la hora en que aquél entró en la casa, pero de la que tuvo ante sí la corte a quo, pudo ésta determinar, como aparentemente lo hizo, que ello sucedió en horas de la noche. No hay razón para que alteremos esa conclusión. *People* v. *Barrios*, 199 Pac. 58 (Cal); *People* v. *McCarty*, 48 Pac. 984.

■ Alega el apelante en el segundo apuntamiento que dicho tribunal se equivocó al declararle culpable "cuando a juicio del propio Juez la intención primordial del acusado no era cometer hurto o ratería, sino quedarse en Puerto Rico —el acusado era miembro del ejército—evadiendo la Orden Militar de salir para Korea". Trierweller testificó que al encontrar en su casa al procesado, éste le dijo "que su mamá

estaba muy enferma y que él sabía que lo iban a embarcar dentro de una semana para Korea y que él hacía eso", refiriéndose al hecho de haber entrado en la residencia, "para no irse". La corte a quo, una vez terminada la presentación de la prueba, se expresó así: "No hay duda de que a este muchacho lo que le pasó fué que no quería ir a Korea y cometió ese escalamiento...., y así quedarse en Puerto Rico. Cogió miedo o la pena de la madre que estaba enferma y por eso cometió el escalamiento con el propósito de no ir a Korea. Eso demuestra que el tuvo conocimiento de sus propios actos y cometió el escalamiento penetrando en horas de la noche en un apartamiento con el propósito de cometer hurto o ratería como lo cometió".

Basta leer lo que acabamos de transcribir para concluir que el señalamiento también está huérfano de méritos. Lo que quiso decir el tribunal fué que el móvil del delito había sido el de librarse el reo de salir de Puerto Rico, pero no que no hubiera tenido la intención de perpetrarlo. Por el contrario, muy claramente expresó, como se ha visto, que el acusado perpetró "el escalamiento penetrando en horas de la noche en un apartamiento con el propósito de cometer hurto o ratería como lo cometió".

En el tercer y último apuntamiento se queja el encausado de que se le declarara culpable de escalamiento en primer grado, en vista de que estaba incapacitado para concebir la intención específica de penetrar en la residencia con el propósito de cometer hurto o ratería. Declaró que durante la mañana del día seis de abril de 1954, estuvo tomando cerveza en su casa y después se "dió unos cuantos tragos más en el bar, y de allí me fuí a coger fresco al puente del agua; allí me puse a hablar con unos muchachos" y a fumar cigarrillos, sin que se diera cuenta de lo que ocurrió de ahí en adelante, hasta que sintió "los golpes que él me daba en la cara", aludiendo a golpes que le fueron propinados, según él, por Trierweller al encontrarlo dentro de su residencia. En *Pue-*

*blo v. Rosado,* 78 D.P.R. 436, caso citado por el procesado, esta Corte se expresó así: "El artículo 408 de nuestro Código Penal requiere de manera expresa que para que se cometa el delito de escalamiento la penetración a la casa, tienda, etc., debe haber sido 'con el propósito de cometer hurto o ratería...'. De suerte, pues, que en este delito la intención desempeña un papel de importancia, la determinación de cuya existencia debe dejarse enteramente al juzgador de los hechos, que en este caso lo era el jurado que conocía del caso".

El tribunal que juzgó al apelante, después de considerar y apreciar toda la prueba que le fué presentada, determinó que había mediado la intención requerida por la ley, conclusión que está sostenida por la evidencia, de la que puede inferirse esa intención.

*La sentencia apelada deberá ser confirmada.*