EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL JUARBE ALBARRÁN, acusado y apelante.

*Número:* 16595.   *Resuelto:* 27 de octubre de 1961.

*Armindo Cadilla Ginorio,* abogado del apelante; *J. B. Fernández Badillo, Procurador General* y *Nilita Vientós Gastón, Procurador General Auxiliar,* abogados de El Pueblo, apelado.

Sala integrada por el Juez Presidente señor Negrón Fernández como Presidente de Sala, y los Jueces Asociados señores Blanco Lugo y Dávila.

PER CURIAM: El Fiscal de Distrito de Arecibo formuló acusación por el delito de escalamiento en primer grado (Art. 408 del Código Penal, Ed. 1937, 33 L.P.R.A. sec. 1591) contra el apelante Rafael Juarbe Albarrán y su padre Pedro Albarrán Olivero, imputándoles que durante la noche del 30 al 31 de marzo de 1958 penetraron en un almacén de café, propiedad del señor Antonio Ginard, y de allí hurtaron dieciséis sacos de café. Fueron declarados culpables por el jurado. Juarbe Albarrán fue condenado a cumplir una pena indeterminada de diez a dieciocho años de presidio, ya que su convicción fue en grado subsiguiente.

En el recurso de apelación interpuesto contra dicha sentencia apunta cuatro errores que se dirigen a impugnar la suficiencia de la evidencia y la validez de la convicción en vista de que ciertas manifestaciones de su padre coacusado, a que luego nos referiremos, no fueron corroboradas a pesar de que éste era un cómplice. Discutiremos los errores conjuntamente, y para ello, haremos un conciso resumen de la prueba aducida por el ministerio público.

Antonio Ginard, comerciante con un establecimiento para almacenar café en grano situado en la plazoleta Baldorioty de Utuado, declaró que en la noche del domingo 30 de marzo de 1958 estuvo en el negocio como a las diez y se aseguró que las puertas y ventanas estuviesen bien cerradas; que al siguiente día, entre 7:30 y 8:00, observó que una ventana que la noche anterior "estaba herméticamente cerrada, tenía un pestillo y una aldaba" había sido abierta, y cerca del seto había una plancha de zinc levantada; que de una estiba le faltaban dieciséis sacos de café blanco cáscara; que ocho días después a requerimiento de la policía identificó tres lonas de café como de su propiedad; que lo determinó porque eran lonas de café dominicano de las que usa en su negocio y por la costura particular de los sacos, cruzada rematada en moños; que también había una lona que él había remendado personalmente; que además reconoció el café por la apariencia y calidad del grano.

El policía estatal José J. Díaz dijo que el día 8 de abril de 1958 se encontraba como a la una de la madrugada acompañado de dos detectives haciendo un recorrido por el barrio Vívi Abajo, por la ribera del Río Vivi, sorprendió a los dos acusados ·"con dos sacos de café en el piso" y Pedro estaba sentado sobre un saco; que Rafael traía un saco en la cabeza; que cuando estaba a una distancia de seis o siete pies, Rafael le tiró encima el saco que cargaba y se dio a la fuga; que "entonces Pedro Albarrán se quedó en el sitio, y me dijo que el café era de Antonio Ginard, del escalamiento de Antonio Ginard"; luego a preguntas del juez, indicó que Pedro había dicho "(e)se café es de Toño Ginard, ese fue el hijo mío que se fue ahí"; que los sacos contenían café seco con cáscara blanca y los trasladó al Cuartel de la Policía en donde fueron identificados por el señor Ginard, a quien se le entregaron previo recibo.

El detective Jorge Arregoitía prestó testimonio en parecidos términos al del policía Díaz y ratificó que al ser sorprendidos y emprender Rafael la fuga, Pedro dijo "(e)s Rafael mi hijo, que él fue el que escaló a Antonio Ginard este café"; que persiguió al apelante y lo encontraron en su casa vestido con ropa limpia; que le preguntaron por la ropa con que andaba y "entonces nos mostró la ropa, que era un pantalón azul, y estaba mojado y una camisa color crema".

El acusado Rafael Juarbe Albarrán presentó prueba para sustanciar una defensa de coartada, o sea, que la noche en que ocurrió el escalamiento se encontraba en casa de una hermana, èn Arecibo, en donde estuvo hasta la tarde del lunes 31 de marzo. Además, indicó que no estaba relacionado con el escalamiento del almacén del señor Ginard.

Del resumen anterior aparece claramente que la prueba que desfiló es suficiente para sostener la convicción. El *corpus delicti* fue establecido cumplidamente mediante el testimonio del perjudicado, *Pueblo* v. *Colón*, 81 D.P.R. 331 (1959); *Pueblo* v. *Colón, et al.*, 39 D.P.R. 904 (1929). En

*Pueblo* v. *Torres*, 81 D.P.R. 679 (1960), indicamos que la penetración ilegal y la existencia de la intención específica de cometer hurto o ratería pueden ser demostradas por evidencia circunstancial, es decir, que puedan inferirse razonablemente del conjunto de los hechos y circunstancias. Véase, Melton, *The Amount of Circumstantial Evidence Necessary to Prove Breaking and Entering in a Burglary Trial*, 12 Rocky Mt. L. Rev. 289 (1940); cf. *Pueblo* v. *Rosado*, 79 D.P.R. 25 (1956); *Pueblo* v. *Rosado*, 78 D.P.R. 436 (1955). Para relacionar al acusado-apelante con el delito imputado la prueba contiene elementos que considerados en conjunto, bastan para justificar la convicción: (1) la posesión *inexplicada* del café hurtado ( *Pueblo* v. *Bayrón*, 40 D.P.R. 818, 821 (1930); *Pueblo* v. *Méndez*, 39 D.P.R. 930, 932 (1929); *Pueblo* v. *Moreno*, 32 D.P.R. 824 (1924)); (2) la fuga *inexplicada* del acusado-apelante (*Pueblo* v. *Castro*, 75 D.P.R. 672, 685 (1953); Anotación, *Flight as Evidence of Guilt*, 25 A.L.R. 886 (1923); Wigmore, *On Evidence*, Vol. II, sec. 276, pág. 111; Wharton, *On Evidence*, Vol. I, sec. 205; Nota 3 U. of Fla. L. Rev. 121–125 (1950)); y (3) las manifestaciones *no objetadas* del coautor.(¹)   (*Pueblo* v. *Castro*, 75 D.P.R. 672, 680–681 (1953)).   En cuanto a la corroboración, lo antes expuesto demuestra que si ésta era necesaria, hubo prueba independiente para conectar al apelante con el delito imputado, *Pueblo* v. *Méndez*, 39 D.P.R. 930 (1929); Anotación, *Corroboration of accomplice by evidence of defendant's actual or contemplated flight, or concealment of himself*, 87 A.L.R. 767 (1933).

No habiéndose cometido los errores señalados, se confirmará la sentencia del Tribunal Superior, Sala de Arecibo, de fecha 23 de junio de 1958.

---

(¹) El reparo a la admisibilidad no puede levantarse por primera vez en apelación. *Pueblo* v. *Torres*, 81 D.P.R. 678, 683 (1960); *Pueblo* v. *Jiménez*, 78 D.P.R. 7, 11 (1955); cf. *Pueblo* v. *Oquendo*, 83 D.P.R. 234 (1961).