HERIBERTO CABRERA RAMÍREZ, Petitioner and Appellant, v. GERARDO DELGADO, WARDEN, ETC., Defendant and Appellee.

No. AP-65-17.    Decided October 4, 1965.

*Abner Limardo* for appellant. *J. B. Fernández Badillo, Solicitor General, Rodolfo Cruz Contreras, Acting Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for The People.

MR. JUSTICE HERNÁNDEZ MATOS delivered the opinion of the Court.

Heriberto Cabrera Ramírez, petitioner-appellant was accused together with Enrique Díaz Cosme of the subsequent offense of burglary in the first degree in 1949 in the former District Court of the district of Guayama. The information reads in part that "someday in August 1948, in Cayey . . . , said defendants . . . acting jointly and of common accord broke into the commercial establishment of Mr. . . . . . . . . , during the hours of the night and stole 16 packs of cigarettes . . . and $15.00 in legal tender . . . ."

Trial was held before a jury on April 6, 1949. A verdict of conviction was brought against Heriberto Cabrera Ramírez for the offense of *burglary in the first degree*; Enrique Díaz Cosme was convicted of the offense of *burglary in the second degree.*

Cabrera was sentenced to from 18 to 30 years imprisonment in the penitentiary; codefendant Díaz Cosme to 2 years in jail.

On account of two previous prison sentences Cabrera shall have served the one in question on April 10, 1978, on which date he will also start serving a last sentence of one year in jail.

On September 18, 1964 Cabrera filed a petition for habeas corpus in this Court, challenging the validity of said sentence of from 18 to 30 years in the penitentiary on the ground that his legal assistance during the trial was not effective and substantial. We issued a writ and ordered the petition to be heard in first instance in the Superior Court, San Juan Part. There petitioner waived the ground of lack of a diligent and efficient legal representation and alleged that his imprisonment was illegal because (1) the verdict entered in 1949 was contrary to law and (2) was not included in the instructions to the jury.[1]

---

[1] The case was argued before the Superior Court by means of briefs. It was submitted for a decision on the transcript of the record of the

Last March 2 the Superior Court entered judgment dismissing the petition, from which petitioner appealed. In its pertinent part, the judgment reads:

"The question to be decided in this petition, as requested by the parties, is whether the sentence being served is illegal, inasmuch as for the same offense codefendant Enrique Díaz Cosme was convicted of the offense of burglary in the second degree while petitioner was convicted of the offense of burglary in the first degree.

"A study of the transcript of the evidence in *People v. Heriberto Cabrera* and *Enrique Díaz Cosme* shows that the jury had before it sufficient evidence, which if believed sustains a conviction against Heriberto Cabrera for the offense of burglary in the first degree. A deviation of justice upon the jury declaring Enrique Díaz Cosme guilty of the offense of burglary in the second degree does not render void the verdict entered against Heriberto Cabrera Ramírez or illegal the sentence he is serving."

In an interesting and well prepared brief appellant assigns four errors which center on the origin and validity of the verdict rendered against him.

Appellant maintains that the trial court erred (1) in not deciding that the verdict was contrary to law; (2) in not deciding it was contrary to the facts; (3) in concluding that the verdict entered against codefendant Enrique Díaz Cosme did not render void the verdict entered against him and (4) in not concluding that the only proper verdict against him was that of burglary in the second degree.

We consider that none of those errors has been committed and that the judgment appealed from shall be affirmed.

■ Regarding petitioner Cabrera the verdict was not contrary to law. He was accused, together with Díaz Cosme,

---

original criminal cause, and which is attached to the record of case HC-63-4 of this Supreme Court, filed by Heriberto Cabrera against the same sentence but invoking other reasons, and in which we entered Per Curiam decision adverse to Cabrera on June 11, 1963.

of an offense of subsequent burglary in the first degree, committed "during the hours of the night," stating in the information all the elements of the offense as prescribed by §§ 408 and 409 of the Penal Code. The evidence believed by the jury was sufficient to establish the entering of both defendants, with specific intention of committing burglary in the commercial establishment designated in the information and the effective taking of personal property during the hours of the night. In the light of those two sections and the evidence submitted to the jury, the judgment of conviction of burglary in the first degree against Cabrera is rationally sustained. *People* v. *Torres*, 81 P.R.R. 659, 669 (1960) ; *People* v. *Rosado*, 79 P.R.R. 23, 26 (1956). In the first of these cases we stated:

"The finding as to the time when a burglary is committed depends almost always on reasonable inferences derived from circumstantial evidence. It is a question that should be decided by the trier of facts, whether it be the jury or the trial judge. The function of the court on appeal is limited to considering whether there is evidence rationally supporting the declaration of guilt which necessarily implies a finding that the offense was committed at nighttime if the verdict is in the first degree. As it has been repeatedly said, the rule that the defendant has the benefit of the doubt concerning the degree of guilt (§ 237 of the Penal Code, 34 L.P.R.A. § 716) only comes into play when the case is submitted to the trier of facts, whether the latter be the jury or the trial judge. But once the defendant is found guilty, after determining as a question of fact that the offense was committed at nighttime, the only test on appeal is the rational sufficiency of the evidence. See *People* v. *Daugherty*, 256 P.2d 911 (Cal. 1953) and cases cited therein. *Cf. United States* v. *Sherman*, 171 F.2d 619 (C.A. 2, 1948); *United States* v. *Spagnuolo*, 168 F.2d 768 (C.A. 2, 1948); and *United States* v. *Feinberg*, 140 F.2d 592 (C.A. 2, 1944)."

■ We agree, of course, with the view expressed by appellant's attorney that those penal statutes which provide different degrees of punishment for different persons who

have committed the same offense under equal circumstances and conditions are unconstitutional because they violate the principle of equal protection of the laws. However, in the case at bar, albeit it is true that Heriberto Cabrera Ramírez was convicted of a felony, which makes the confinement in the penitentiary mandatory, and that the other actor in the offense, Díaz Cosme, was convicted of a misdemeanor, with a jail sentence, it was not due to any statute of ours which allows the imposition of various degrees of punishment to different persons for the same offense. It was due to an evident error of the jury upon fixing the degree of the offense with respect to Díaz Cosme, who was greatly benefited with the commission of said error. It is clear that the jury was not bound to commit the same error with respect to Cabrera Ramírez. We are of the opinion that the evidence justified, if believed as it was, only one verdict of conviction: that of guilty of burglary in the first degree; if not absolutely believed, the acquittal of both, or if believed regarding one and not the other, the conviction for burglary in the first degree and the acquittal, respectively.

Considering the evidence introduced during the trial as a whole, the verdict is not contrary to facts as appellant maintains.

The erroneous designation of the degree in the verdict with respect to codefendant Díaz Cosme in no manner voids the one entered against appellant. The latter was entered according to law; was rationally justified by the facts, circumstances and events which arise from the evidence.

From Fricke, California Criminal Procedure 394 (6th ed. 1962) we quote:

"Where two or more persons are jointly tried for the same offense and, though all defendants could or should under the evidence have been found equally guilty, the jury finds one of the defendants guilty of a lesser degree of the offense, or of a lesser offense, than that of which they convicted his co-

defendant or codefendants this does not render the verdicts inconsistent as a matter of law and the verdicts will be sustained if they are supported by the evidence. Such was the ruling in the first degree and the other of burglary in the second degree (People v. Black, 80 Cal. App. 605; People v. Richardson, 83 Cal. App. 302) ; first degree robbery and second degree robbery (People v. O'Neal, 2 Cal. App.2d 551; People v. L'Hommidieu, 44 Cal. App.2d 27); second degree murder and manslaughter (People v. Burdg, 95 Cal. App. 257); and first degree murder and second degree murder (People v. Blackwood, 35 Cal. App.2d 728). The rule is the same where one defendant is convicted and his codefendant is found not guilty (People v. Rallo, 119 Cal. App. 393; People v. Wilson (8 Cal. App.2d 200) ; People v. Wilson (54 Cal. App.2d 520)."

Regarding the fourth error it suffices for us to cite the following words from the Assistant Solicitor General who took part in this appeal:

"As petitioner himself points out in page 12 of his brief, it is a well established principle that it is only up to the jury to judge the veracity of all the evidence introduced. That was exactly what the jury did in this case. It weighed and considered the evidence which, as we have seen, included the confession and admission of Heriberto Cabrera himself of having burglarized a commercial establishment during the hours of the night, to decide to convict him for the offense of burglary in the first degree. Such action of the jury in no manner could have constituted a deviation of justice. There could be no doubt in the minds of the jury, within the sound and broad power that it has to settle the conflict in the evidence. The sentence imposed by the judge on this petitioner, under the circumstances of his previous convictions and his record of repeated offender, conformed to law and it was, as a matter of fact and of law, the only appropriate verdict. The error, we believe, was not committed."

The judgment appealed from shall be affirmed.