HERIBERTO CABRERA RAMÍREZ, peticionario y apelante, *v.* GERARDO DELGADO, ETC., demandado y apelado.

*Número:* A.P-65-17      *Resuelto:* 4 de octubre de 1965

*Abner Limardo,* abogado del apelante; *J. B. Fernández Badillo, Procurador General, Rodolfo Cruz Contreras, Procurador Ge-*

*neral Interino,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ MATOS emitió la opinión del Tribunal.

Heriberto Cabrera Ramírez, peticionario-apelante, y Enrique Díaz Cosme, en el año 1949, ante la extinta Corte de Distrito del Distrito de Guayama, fueron acusados de la comisión de un delito subsiguiente de escalamiento en primer grado. La acusación, en parte, dice que "allá por uno de los días de agosto de 1948, y en Cayey . . . dichos acusados . . . actuando conjuntamente y de común acuerdo penetraron durante las horas de la noche en el establecimiento comercial propiedad del Sr . . . . . . . . . . . , de donde sustrajeron 16 paquetes de cigarrillo . . . y $15.00 en moneda legal . . . ."

Se celebró juicio ante un jurado el 6 de abril de 1949. Se rindió un veredicto de culpabilidad por el delito de *escalamiento en primer grado* contra Heriberto Cabrera Ramírez; contra Enrique Díaz Cosme se rindió un veredicto de culpabilidad por el delito de *escalamiento en segundo grado.* A Cabrera se le impuso una pena de 18 a 30 años de presidio; al coacusado Díaz Cosme 2 años de cárcel.

Con motivo de dos sentencias de prisión anteriores Cabrera cumplirá la relacionada el 10 de abril de 1978, día en que también empezará a cumplir una última sentencia de un año de cárcel.

El 18 de setiembre de 1964 instó Cabrera una recurso de hábeas corpus ante nos, impugnando la validez de dicha sentencia de 18 a 30 años de presidio por el fundamento de no haber tenido durante el juicio una efectiva y sustancial representación de abogado. Expedimos el auto y ordenamos se ventilara en primera instancia el recurso ante la Sala de San Juan del Tribunal Superior. Allí el peticionario renunció al fundamento de falta de una diligente y eficaz representación legal y a su vez adujo que su prisión era ilegal porque (1) el veredicto rendido en 1949 era contrario a dere-

cho y (2) no estaba comprendido en las instrucciones al jurado.(¹)

El 2 de marzo último el Tribunal Superior dictó sentencia desestimando el recurso y de la misma apeló el peticionario. En lo pertinente, la sentencia dice:

"La cuestión a resolver en este recurso, según lo solicitaron las partes, es si la sentencia que está cumpliendo el peticionario es ilegal, ya que por los mismos hechos el coacusado Enrique Díaz Cosme fue convicto del delito de escalamiento en segundo grado mientras que el peticionario fue convicto del delito de escalamiento en primer grado.

"De un estudio de la transcripción de evidencia del caso de El Pueblo vs. Heriberto Cabrera y Enrique Díaz Cosme, surge que el jurado tuvo ante sí suficiente evidencia, que de ser creída sostiene una convicción contra Heriberto Cabrera por el delito de escalamiento en primer grado. Una desviación de la justicia al declarar el jurado a Enrique Díaz Cosme culpable del delito de escalamiento en segundo grado no convierte en nulo el veredicto rendido contra Heriberto Cabrera Ramírez ni en ilegal la sentencia que está cumpliendo."

En un interesante y muy bien elaborado alegato el apelante señala la comisión de cuatro errores que giran en torno a la procedencia y validez del veredicto rendido contra él.

Sostiene el apelante que el tribunal sentenciador erró (1) al no resolver que el veredicto era contrario a derecho; (2) al no resolver que era contrario a los hechos; (3) al concluir que el veredicto rendido contra el coacusado Enrique Díaz Cosme no convirtió en nulo el veredicto rendido en su contra y (4) al no concluir que el único veredicto procedente contra él era el de escalamiento en segundo grado.

Estimamos que ninguno de esos errores ha sido cometido y que la sentencia apelada debe confirmarse.

---

(¹) El caso fue argumentado ante el Tribunal Superior por medio de alegatos. Se sometió para decisión a base de la transcripción del récord de la causa criminal original y que consta unida a los autos del recurso HC-63-4 de este Tribunal Supremo, instado por Heriberto Cabrera contra la misma sentencia, pero invocando otras razones, y en el que rendimos decisión Per Curiam el 11 de junio de 1963, adversa a Cabrera.

■ Respecto al peticionario Cabrera el veredicto no fue contrario a derecho. Se le acusó, en unión a Díaz Cosme, de un delito subsiguiente de escalamiento en primer grado, perpetrado "durante las horas de la noche", aduciéndose en la acusación todos los elementos del delito fijador por los Arts. 408 y 409 del Código Penal. La prueba creída por el jurado fue suficiente para establecer la penetración de ambos acusados, con la intención específica de hurtar, en el establecimiento comercial designado en la acusación y la efectiva sustracción de propiedad mueble durante las horas de la noche. A la luz de esos dos artículos y de la evidencia sometida al jurado, está racionalmente sostenida la declaración de culpabilidad de escalamiento en primer grado contra Cabrera. *Pueblo* v. *Torres*, 81 D.P.R. 678, 688 (1960); *Pueblo* v. *Rosado*, 79 D.P.R. 25, 28 (1956). En el primero de estos casos dijimos:

"La determinación de la hora en que se comete un escalamiento depende casi siempre de inferencias razonables basadas en evidencia circunstancial. Es una cuestión que toca resolver al juzgador de los hechos, ya sea éste el jurado o el juez de instancia. La función del tribunal en apelación se limita a considerar si hay evidencia que racionalmente sostenga la declaración de culpabilidad, la cual necesariamente implica una determinación de que el delito se cometió de noche si el veredicto es en primer grado. Como se ha dicho reiteradas veces, la regla de que el acusado tiene el beneficio de la duda respecto al grado del delito (art. 237 del Código Penal, [*sic*] 34 L.P.R.A. sec. 716) sólo entra en juego cuando se somete el caso al juzgador de los hechos, ya sea éste el jurado o el juez de instancia. Pero una vez que se halla culpable al encausado, determinando como cuestión de hecho que el delito se cometió de noche, el único criterio en apelación es la suficiencia racional de la evidencia. Véase *People* v. *Daugherty*, 256 P.2d 911 (Cal. 1953) y los casos allí citados. Cf. *United States* v. *Sherman*, 171 F.2d 619 (C.A. 2, 1948); *United States* v. *Spagnuolo*, 168 F.2d 768 (C.A. 2, 1948); y *United States* v. *Feinberg*, 140 F.2d 592 (C.A. 2, 1944)."

■ Compartimos, desde luego, el criterio expresado por el letrado del apelante de que son inconstitucionales, por violar el principio de la igualdad en la protección de las leyes, aquellos estatutos penales que proveen diferentes grados de castigo para diferentes personas que han cometido el mismo acto en igualdad de circunstancias y condiciones. Empero, en el caso de autos, si bien es cierto que Heriberto Cabrera Ramírez fue declarado culpable de un delito grave, que apareja pena de prisión, y que el otro coautor del delito Díaz Cosme lo fue de un delito menos grave, con pena de cárcel, ello no se debió a estatuto nuestro alguno que permita la imposición de diferentes grados de castigo a diferentes personas por el mismo acto. Se debió a un evidente error del jurado al fijar el grado del delito respecto a Díaz Cosme, quien resultó grandemente beneficiado con la comisión de tal error. Es claro que el jurado no estaba obligado a cometer el mismo error respecto a Cabrera Ramírez. Estimamos que la prueba justificaba, de ser creída, como lo fue, un solo veredicto condenatorio: el de culpable de escalamiento en primer grado; de no ser en absoluto creída, la absolución de ambos, o de ser creída en cuanto a uno y de no serlo respecto al otro, la convicción por escalamiento en primer grado y la absolución, respectivamente.

Considerando en conjunto toda la evidencia aportada en juicio, el veredicto no resulta contrario a hecho como sostiene el apelante.

La errónea fijación del grado en el veredicto respecto al coacusado Díaz Cosme en forma alguna anula el rendido contra el apelante. Este último se rindió conforme a derecho; estuvo racionalmente justificado por los hechos, circunstancias y eventos que surgen de la evidencia.

De la obra de Fricke, *California Criminal Procedure*, 6ta. ed. 1962, pág. 394, citamos:

"Cuando dos o más personas son juzgadas conjuntamente por el mismo delito y, aunque todas ellas pudieron o debieron bajo

la evidencia aportada ser declaradas igualmente culpables, el jurado encuentra a una de ellas culpable de un grado menor del delito, o de un delito menor de aquel en que se encontró culpable a su coacusado o coacusados, ello no hace a los veredictos inconsistentes como materia de derecho y los veredictos deben ser sostenidos si encuentran apoyo en la evidencia. Tal fue la decisión cuando un coacusado fue convicto de escalamiento en primer grado y el otro coacusado de escalamiento en segundo grado (*People* v. *Black,* 80 Cal. App. 605; *People* v. *Richardson,* 83 Cal. App. 302); de robo en primer grado y robo en segundo grado (*Pueblo* v. *O'Neal,* 2 Cal. App.2d 551; *Pueblo* v. *L'Hommidieu,* 44 Cal. App.2d 27); asesinato en segundo grado y homicidio (*Pueblo* v. *Burdg,* 95 Cal. App. 257); y asesinato en primer grado y asesinato en segundo grado (*Pueblo* v. *Blackwood,* 35 Cal. App.2d 728). La norma es la misma cuando un acusado es convicto y su coacusado se absuelve (*Pueblo* v. *Rallo,* 119 Cal. App. 393; *Pueblo* v. *Wilson,* 8 Cal. App.2d 200; *Pueblo* v. *Wilson,* 54 Cal. App.2d 520)."

Respecto al cuarto error nos basta citar las siguientes palabras del Procurador General Auxiliar que intervino en este recurso:

"Como apunta el propio peticionario en su alegato, a la página 12, es principio bien establecido que sólo compete al jurado apreciar la veracidad de toda la prueba desfilada. Fue eso precisamente lo que hizo el jurado en su caso. Aquilató y ponderó la prueba, que como hemos visto incluyó la confesión y admisión del propio Heriberto Cabrera de haber escalado un establecimiento comercial durante las horas de la noche, para resolver condenándolo por el delito de escalamiento en primer grado. Tal actuación del jurado en modo alguno puede haber constituido una desviación de la justicia. No podía haber margen de duda en la mente del jurado, dentro del sano y amplio poder que tiene dicho cuerpo para dirimir el conflicto de la prueba. La sentencia que le impuso el Hon. Juez al aquí peticionario, dadas las circunstancias de sus previas convicciones y su historial de ofensor consuetudinario, se ajustó a derecho y era como cuestión de hecho y de derecho, el único veredicto procedente. El error, entendemos, no se cometió."

*La sentencia apelada deberá ser confirmada.*