El Pueblo de Puerto Rico, demandante y apelado, *v.* Juan Estrada Prado, acusado y apelante.

Núm. 6478.—*Sometido:* Junio 9, 1937. *Resuelto:* Junio 24, 1937.

*Faustino R. Aponte,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Se presentó acusación contra Juan Estrada Prado por el delito de homicidio voluntario. En octubre 21, 1935, se llamó al acusado y se le leyó la acusación. Éste entonces solicitó que se le concediera tiempo para contestar a la misma, y la corte le concedió hasta el 25 de octubre. El 23 de dicho mes el acusado radicó una moción solicitando un pliego de particulares. La moción fué oída por la corte el 1 de noviembre de 1935, y ésta se reservó su decisión. Sin decidir formalmente esta moción, el caso fué señalado para juicio y finalmente visto con la comparecencia personal del acusado y de su letrado el 1 de junio de 1936. De los autos no se desprende que jamás se resolviera directamente la moción en que se solicitaba un pliego de particulares ni que el acusado en momento alguno solicitara una decisión especí-

fica. Bajo estas circunstancias, como el caso fué a juicio, podría asumirse o presumirse que la corte declaró sin lugar la moción solicitando el referido pliego de particulares. El caso evidentemente fué juzgado a base de la acusación original.

■ Se rindió veredicto condenatorio contra el acusado y entonces su abogado solicitó que no se dictara sentencia, toda vez que el acusado nunca había hecho una alegación formal a la acusación ni en otra forma había planteado controversia alguna sobre el delito imputádole. La corte declaró sin lugar la moción.

Por regla general cuando en una causa criminal el acusado se funda en la alegación general de inocente, muy raras veces o nunca se radica una alegación escrita. Lo que ocurre es que el acusado o su abogado dicen "inocente", y el secretario anota la alegación correspondiente. Igualmente ocurre cuando el acusado guarda silencio.

Por tanto, no es raro que la corte considere que ha surgido una contienda cuando un acusado entra a juicio, repregunta a los testigos y presenta su propia defensa.

■■ Se señala como error el haber dejado la corte de declarar con lugar la moción para que no se dictara sentencia, y el fiscal de este tribunal conviene en que hubo tal error. Las partes citan varios casos para sostener este criterio, tales como *People* v. *Corbett,* 28 Cal. 328, 331; *People* v. *Monagham,* 102 Cal. 229; *Parkinson* v. *People,* 10 L.R.A. 91.

A esta lista pudo haberse agregado el caso de *Crain* v. *United States,* 162 U. S. 625. La opinión de la mayoría está fuertemente en favor de la posición asumida por el fiscal. El Juez Asociado Sr. Peckham radicó una opinión disidente en la que, entre otras cosas, dice:

". . . Durante cierta época en la historia de Inglaterra, cuando un acusado no tenía derecho a estar representado por letrado, y cuando las penas de los delitos eran tan severas que conmovían el sentido de la justicia de muchos jueces que administraban la ley penal, era natural que a objeciones técnicas que quizá se inter-

ponían por sí solas entre el acusado y el cumplimiento de una pena-
lidad severa, por no decir cruel, se les otorgara gran peso, y que no
teniendo realmente esas formas y modos de procedimiento relación
alguna con los méritos de determinado caso, se insistiera en ellas
como una especie de escudo de defensa contra las acusaciones que de
otro modo resultarían fructuosas, y que a la par no debían prosperar.
Aquellos tiempos ya son idos, y las razones para que nos ciñamos
estricta y servilmente a las meras formas han pasado con ellos.

''.     .     .     .     .     .     .

''Supongamos, sin embargo, que el acusado por mera inadver-
tencia no hubiera sido llamado formalmente para leérsele la acusa-
ción, que no hubiera hecho alegación específica, que se le sometía a
juicio sin objeción alguna de su parte y que ambas partes considera-
ban el caso tal cual si él hubiese sido llamado para la lectura de la
acusación y hubiera alegado su inocencia, ¿podría sostenerse con
plausibilidad, no obstante, que se había cometido un error fatal al
abandonarse esta formalidad, y que una sentencia condenatoria debe
por tal motivo ser revocada? ¿Es posible que por primera vez un
acusado plantee fructuosamente ante este tribunal esta objeción, bajo
circunstancias que revelen una renuncia de la regla, y obtenga una
revocación de la sentencia por ese solo motivo? A mi modo de ver
las cosas, la mera exposición de estas cuestiones presenta su respuesta
de manera concluyente. Algunos casos pueden sostener que es nece-
sario hacer una alegación formal y que la conducta de un acusado al
ir a juicio sin levantar objeción alguna, tal cual si hubiera hecho la
alegación de inocente, no equivale a una renuncia de la necesidad
de hacer tal alegación. Esos casos no están basados en principios
que, a mi juicio, deben ser ahora seguidos.

''En este caso el acusado no pudo resultar perjudicado por una
inadvertencia de ese género. Debe resolverse que ha renunciado
aquello que bajo las circunstancias hubiera sido una formalidad en-
teramente sin importancia. Debe inferirse de manera concluyente
una renuncia cuando las partes han procedido tal cual si el acusado
hubiese sido debidamente llamado para la lectura de la acusación y
si hubiera hecho una alegación de inocente, y cuando no se presentó
objeción alguna por razón de la ausencia a tal alegación hasta que,
como sucede en este caso, los autos fueron elevados a este tribunal en
apelación. Sería contrario a la debida administración de justicia
el permitir que un acusado bajo tales circunstancias permaneciera
tranquilo, no dijera nada con respecto a tal objeción, y que entonces
por primera vez la levantara ante este tribunal.''

El Tribunal Supremo de los Estados Unidos tuvo ante sí un caso similar en el de *Garland* v. *Washington*, 232 U. S. 642, y la decisión del caso de *Crain* v. *United States*, supra, fué directamente revocada. Los hechos de aquel caso eran más parecidos a los del presente, y la corte citó, con aprobación, parte de la opinión disidente del Juez Asociado Sr. Peckham en el caso de Crain, supra. La jurisprudencia general hoy en día es que un acusado puede renunciar la lectura de la acusación o la alegación a ésta. 16 Corpus Juris 391, párr. 720; Annotated Cases, 1917–D 829, 832; véase también Rose's Notes to U. S. Reports, 1932 Supp., vol. 8, págs. 202, *et seq.*

Poco tenemos que agregar al razonamiento del Tribunal Supremo de los Estados Unidos, excepto quizá para decir que en el presente caso el acusado estaba representado por letrado, tuvo la oportunidad de defenderse y de confrontarse con los testigos en su contra.

Además, el acusado presentó una moción solicitando un pliego de particulares. No hallamos que a un "pliego de particulares" se le haya dado una clasificación definida como alegación. No importa qué posición podamos asumir, subsiste el hecho de que el acusado no insistió en que se resolviera su moción solicitando el pliego de particulares ni solicitó la oportunidad de hacer una alegación, y por tanto debe resolverse que renunció su derecho a hacerlo así.

█ Hemos hecho un examen detenido de la jurisprudencia de California y no hallamos que los casos más antiguos, citados por el fiscal, hayan sido revocados. Aunque nuestro estatuto ha sido tomado indirectamente de California, no nos sentimos obligados a seguir su interpretación judicial, espécialmente en vista del caso de *Garland* v. *Washington*, supra.

No hallamos que se cometiera error en esto.

█ El siguiente señalamiento se refiere a la admisión de cierto documento por parte de la corte inferior. Parece que el propio abogado del acusado solicitó la introducción del do-

cumento como prueba. No vemos ningún error perjudicial al admitirlo, dadas todas las circunstancias que rodearon su presentación y la reserva hecha por la corte en sus instrucciones.

El motivo para el tercer señalamiento de error surgió del siguiente incidente. La defensa estaba a punto de cerrar su caso y ofreció como prueba los autos de una causa criminal por el delito de ataque para cometer asesinato, que en una ocasión se había seguido contra el interfecto. Luego de algunas discusiones por parte de los letrados la corte sostuvo la objeción a que se admitiera la evidencia ofrecida, diciendo:

"La corte declara con lugar la objeción, pero no por los fundamentos aducidos, sino porque, a su juicio, esta evidencia no puede presentarse en el estado actual del procedimiento. Es necesario, antes, establecer ciertos requisitos no establecidos aún en el caso.

Además:

"Defensor: Excepción, es más, ni siquiera presento la declaración del acusado, renuncio a la declaración del acusado para descansar exclusivamente en esa cuestión.

"Fiscal: Y entonces el fiscal se reserva el derecho de comentar ese silencio del acusado después de las manifestaciones de S. S.

"Defensor: Tomo excepción de las palabras del Fiscal.

"Juez: ¿La defensa ha terminado su caso?

"Defensor: Hemos terminado definitivamente.

"Juez: Entonces el Sr. Fiscal para su informe preliminar, si no tiene prueba de *rebuttal*.

"Fiscal: No, señor, porque no han surgido los extremos que yo esperaba que podían surgir.

"Defensor: Si el Fiscal no quiere informar, por nuestra parte tampoco.

"Fiscal: ¿Estipulamos no informar este caso y que se le someta al jurado?

"Defensor: Si me lo sugiere S. S. con mucho gusto.

"Juez: ¿Estipulan someter el caso sin informe?

"Defensor: Bueno."

El error específico lee así:

"Tercer error: La Corte de Distrito de Humacao erró al permitir al fiscal comentar el silencio del acusado por no haber declarado éste."

En un número de jurisdicciones se han aprobado estatutos que prohiben cualquier presunción contra un acusado por dejar de declarar (Véase 16 Corpus Juris, 901, nota 35). Inferimos que en esas jurisdicciones la ausencia del estatuto permitiría que se comentara el silencio del acusado. En Puerto Rico tenemos semejante estatuto, por lo menos en procedimientos seguidos ante un magistrado. El artículo 29 del Código de Enjuiciamiento Criminal (edición de 1935) lee, en parte, así:

"Artículo 29.—(Enmendado según la Ley de 12 de marzo de 1903, pág. 43 y la de 12 de marzo de 1908, pág. 53.) Si después de oída la denuncia, el acusado alegare su inocencia, el juez procederá en la siguiente forma:

"1.     .     .     .     .     .     .

"2. Examinará bajo juramento los testigos de la defensa, incluyendo al mismo acusado, si éste deseare declarar. Si el acusado no declarare tal circunstancia no podrá utilizarse en su contra.

".     .     .     .     .     .     .

No obstante, un precepto de nuestra Carta Orgánica dice: "Ninguna persona .... será obligada en ninguna causa criminal a ser testigo contra sí misma." Sección 2, subdivisión 3, de la Carta Orgánica. La misma disposición puede hallarse en el artículo 7 de nuestro Código de Enjuiciamiento Criminal.

Literalmente, las observaciones del fiscal fueron dirigidas a la corte con motivo de lo dicho por el letrado de la defensa, quien, tal vez para impresionar al jurado, manifestó que renunciaba al beneficio de la declaración del acusado. Éste no trató de especificar sus objeciones a las observaciones del fiscal, y si lo hubiera hecho, la corte pudo haberse corregido inmediatamente.

Examinando los autos, hallamos la siguiente instrucción:

"Por un precepto de ley, el acusado puede o no declarar según él así lo desee. En este caso el acusado no ha declarado y los señores del jurado no deben considerar ese silencio en forma alguna cuando vayan a formar criterio para la emisión del veredicto."

Nuestra conclusión es que el error, de haberlo, no fué perjudicial, y en ausencia de una solicitud de aclaración, el mismo fué subsanado.

El último error señalado se refiere a si la siguiente instrucción es correcta:

"En los casos criminales, la ley presume que el acusado es inocente, mientras no se pruebe lo contrario, de modo satisfactorio y por evidencia competente, y es regla de ley que su culpabilidad debe ser completamente probada. Esta presunción de inocencia acompaña al acusado durante el juicio y el jurado debe *tenerla presente al deliberar.*"

El apelante sostiene que tal instrucción pudo haber inducido a los legos que formaban parte del jurado a creer que la presunción de inocencia no seguía al acusado mientras se deliberaba. No vemos ningún peligro real en tal interpretación errónea. El juicio comprende todo hasta el momento de rendirse el veredicto.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.