EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN ALBERTO RODRÍGUEZ, acusado y apelante.

*Número:* CR-64-16    *Resuelto:* 4 de noviembre de 1964

*José Rafael Gelpí,* y *Sergio Peña Clos,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *Manuel Tirado Viera, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El apelante, en unión de dos acusados más, fue juzgado y convicto del delito de escalamiento en primer grado. Durante el proceso, luego de presentada la prueba de cargo, los acusados renunciaron al jurado y continuaron el juicio por tribunal de derecho. Los acusados estuvieron representados por sus tres abogados respectivos. El apelante hace los siguientes dos señalamientos de error:

Que el tribunal de instancia erró (1) al proceder a la vista del caso sin que el acusado hiciese alegación y (2) al declarar culpable al acusado sin haber prueba suficiente para condenarlo.

De las minutas del Tribunal Superior surge que en el acto de la lectura de la acusación y también el día que el caso fue llamado para juicio los acusados hicieron alegación de inocencia. Sin embargo el récord guarda silencio sobre el particular. El Procurador así lo acepta y partiremos del supuesto que el apelante no hizo alegación.

Ya fuere por inadvertencia del taquígrafo, del juez, del acusado o por cualquier otra razón, tal error en nada

perjudicó al acusado. La Constitución de Puerto Rico hace mandatoria la presunción de inocencia de todo acusado. Art. II, Sec. 11. El Código de Enjuiciamiento Criminal, vigente cuando se ventiló este proceso, disponía que si el acusado rehusara contestar la acusación se procedería como si la hubiese negado. Art. 170 de dicho Código, 34 L.P.R.A. sec. 409. En *Pueblo* v. *Estrada*, 51 D.P.R. 815 (1937) se hizo un planteamiento igual al que aquí hace el apelante y al resolverlo adversamente para él, allí dijimos a la pág. 817:

"Por regla general cuando en una causa criminal el acusado se funda en la alegación general de inocente, muy raras veces o nunca se radica una alegación escrita. Lo que ocurre es que el acusado o su abogado dicen 'inocente', y el secretario anota la alegación correspondiente. Igualmente ocurre cuando el acusado guarda silencio.

"Por tanto, no es raro que la corte considere que ha surgido una contienda cuando un acusado entra a juicio, repregunta a los testigos y presenta su propia defensa."

En el caso de autos el acusado estuvo presente en persona y representado por abogado; anunció estar listo para entrar a juicio y entró a juicio; repreguntó a los testigos de cargo y presentó prueba de defensa. No hay duda de que el proceso se llevó a cabo igual que si el acusado hubiese hecho alegación de inocencia. La negativa del acusado a contestar la acusación, que de todos modos bajo la ley de Puerto Rico equivale a una alegación de inocencia, no puede levantarse en apelación como un error para revocar. Cuando el récord demuestra que el acusado no hizo alegación alguna o que rehusó hacerla, se entenderá que hizo alegación de inocencia. *State* v. *Eiserloh*, (La.), 136 So. 54 (1931). Véanse también Fricke, *California Criminal Procedure*, 4ta. ed., pág. 157 y 4 Wharton's *Criminal Law and Procedure*, sec. 1806.

Nuestro derecho procesal positivo vigente dispone de la cuestión en la misma forma que hemos expresado. La Regla 69 de las de Procedimiento Criminal expresa que "cuando un acusado se negare a presentar alegación alguna. . . se re-

gistrará alegación de no culpable," La Regla 68 dispone que la alegación de culpable o no culpable se anotará en las minutas del tribunal, "pero la omisión de anotarla no afectará su validez en la tramitación del proceso." La Regla 75 dispone que "El hecho de que el acusado dejare de formular alegación alguna no afectará la validez de ningún trámite de la causa si el acusado se sometiere a juicio sin formular alegación."

Aunque los jueces deben asegurarse de que los acusados hacen alegación y de que ésta se haga constar en el récord si la hacen, o de que se haga constar si rehúsan hacerla o si guardan silencio, el no haberlo así hecho en este caso en nada perjudicó al acusado. El primer error señalado no se cometió.

■ El segundo error ataca la suficiencia de la prueba. El escalamiento fue perpetrado durante horas de la noche. Al otro día por la mañana el policía Luis Guillermo Burgos detuvo a los tres acusados en la carretera porque reconoció que el automóvil en que iban había sido hurtado. Al detenerlos, los acusados se dieron a la fuga. El policía logró detener a uno de ellos, el aquí apelante, que era quien conducía el carro.

Resumiendo la prueba podemos afirmar: (1) El hecho del escalamiento fue admitido por la defensa; (2) la mercancía, la caja registradora, los cheques y documentos hurtados aparecieron en el automóvil que conducía el apelante; (3) los objetos hurtados fueron identificados por el perjudicado; y (4) al ser detenido por el policía el acusado se dio a la fuga. Fue necesario que el policía hiciese unos disparos de revólver para detenerlo.

■ Del resumen anterior aparece claramente que la prueba que desfiló es suficiente para sostener la convicción. El *corpus delicti* fue debidamente establecido, *Pueblo* v. *Hernández*, 75 D.P.R. 907, 916 (1954). La penetración ilegal

y la intención de cometer hurto pueden ser demostradas por evidencia circunstancial, es decir, que pueden inferirse razonablemente del conjunto de los hechos y circunstancias probados. Art. 10 de la Ley de Evidencia, 32 L.P.R.A. sec. 1630; *Pueblo* v. *Juarbe Albarrán*, 83 D.P.R. 747, 750 (1961); *Pueblo* v. *Torres*, 81 D.P.R. 678, 681 (1960); Melton, *"The Amount of Circumstantial Evidence Necessary to Prove Breaking and Entering in a Burglary Trial,"* 12 Rocky Mt. L. Rev. 289 (1940); 9 Cal. Jur.2d sec. 38. Habiéndose probado o admitido un escalamiento, la posesión por el acusado de los artículos robados sin que éste pueda dar una explicación de dicha posesión, creíble por el juzgador de los hechos, que sea inconsistente con su posible culpabilidad o en ausencia de que el acusado pueda probar que obtuvo dichos artículos en forma honesta, dicha posesión no explicada satisfactoriamente es un factor que tiende a demostrar con gran fuerza la culpabilidad del acusado y tomado junto a las demás circunstancias del caso puede justificar la convicción. En los siguientes casos se sostuvo la convicción de los acusados, aunque no hubo en ninguno de ellos testigos oculares del escalamiento, porque habiéndose probado el escalamiento los acusados no pudieron explicar satisfactoriamente la posesión por parte de ellos de los artículos robados y este factor junto a las demás circunstancias, de menor importancia, de cada caso justificó la convicción. *People* v. *Thompson*, 260 P.2d 1019; *People* v. *Price*, 213 P.2d 105; *People* v. *Platnick*, 103 P.2d 766; *People* v. *Russell*, 94 P.2d 400; *State* v. *Kinghorn*, 93 P.2d 964; *People* v. *Taylor*, 40 P.2d 870; *People* v. *Russell*, 8 P.2d 209; *People* v. *Scott*, 225 Pac. 767.

▪ Si a lo dicho añadimos la circunstancia de la fuga del acusado al ser detenido la inferencia de culpabilidad se torna más fuerte. *People* v. *Scott*, supra. Anotación, *"Flight as Evidence of Guilt,"* 25 A.L.R. 886; Wigmore, *On Evidence*, Vol. II, sec. 276; Wharton, *Criminal Evidence*, Vol. I, sec.

205; Nota en 3 U. Fla L. Rev. 121 (1950). Tampoco se cometió el segundo error señalado.

*Se confirmará la sentencia apelada.*