EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PERFECTO ARROYO CORTÉS, acusado y apelante.

*Número:* CR-71-62        *Resuelto:* 21 de diciembre de 1971

*José Veray, Jr.,* abogado del apelante; *Gilberto Gierbolini, Procurador General,* y *Benicio Vélez Coello, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue acusado y convicto por el delito de escalamiento en primer grado. Se le imputó que durante horas de la noche del 12 al 13 de julio de 1967 penetró en el negocio conocido como "Latin Village" en Aguadilla.

Se señala como único error que el tribunal de instancia erró al declarar culpable al acusado a pesar de ser insuficiente la prueba presentada por el Ministerio Público.

La prueba de cargo consistió en la declaración de los testigos Aníbal Martínez, encargado del negocio y el policía Juan H. Matías.

El policía Juan H. Matías declaró que la madrugada de

los hechos, como a la una de la mañana, se dirigía del poblado San Antonio hacia la carretera número dos cuando vio en un callejón cercano al "Latin Village" dos individuos que montaban algo en una guagua aunque no pudo distinguir lo que montaban. Entró al callejón y al notar su presencia los dos que estaban montados en la guagua corrieron por una pieza de caña. Pudo detener al acusado que permaneció dentro de la guagua en el asiento del chofer. Vio entonces en el interior de la guagua un botellero, un gabinete y una mesa. Le llevó al cuartel donde el acusado le dijo que le habían contratado para hacer una mudanza y que la mercancía era de los que la habían sacado del "Latin Village". Luego regresó el policía al lugar donde había dejado la guagua y no la encontró. Localizó entonces a don Aníbal Martínez, encargado del local de negocio e inspeccionó el mismo. Declaró haber visto la misma guagua tres o cuatro días antes mientras la conducía el acusado. El día después de los hechos encontró la referida guagua con parte de la mercancía en otro callejón. Al encontrar la guagua no estaba el botellero pero había una nevera blanca bajo la mesa. Declaró también que la licencia provisional de la guagua estaba a nombre del acusado.

En el contrainterrogatorio, a preguntas de la defensa, declaró que la noche de los hechos el acusado tenía la puerta de la guagua abierta pero que no le había dado la oportunidad de huir.

Aníbal Martínez declaró ser yerno del dueño del edificio escalado, y que estaba encargado del mismo por estar su suegro en la cárcel. Dijo que el 12 de julio de 1967, en horas de la tarde, fue a inspeccionar dicho edificio y lo encontró todo en orden. Durante la madrugada de los hechos se encontraba durmiendo cuando el policía Juan H. Matías fue a buscarlo para que le acompañara al edificio del suegro para "ver que habían roto varias puertas y habían sucedido unos hechos allí." Al llegar al edificio encontró que en los altos, en el dormitorio, habían roto el candado de una puerta que había

dejado cerrada por la tarde, y al entrar por dicha puerta, que estaba abierta, notó que faltaba una nevera, una mesa de comedor, un gabinete, un tanquecito de enfriar bebidas y otros artículos misceláneos. Expresó también que al otro día le llevaron donde había aparecido la guagua, en un callejón, y allí identificó la nevera, la mesa y el gabinete que faltaban del dormitorio del edificio de su suegro.

Del resumen anterior surge claramente que la prueba presentada es suficiente para sostener la convicción. El *corpus delicti* fue establecido. *Pueblo* v. *Hernández*, 75 D.P.R. 907 (1954).

■ Hemos resuelto reiteradamente que tanto la penetración ilegal como la existencia de una intención específica de cometer hurto o ratería, son hechos que pueden ser demostrados mediante evidencia circunstancial, es decir, por inferencias razonables que surgen del conjunto de hechos y circunstancias probadas. *Pueblo* v. *Rodríguez*, 91 D.P.R. 157 (1964); *Pueblo* v. *Juarbe Albarrán*, 83 D.P.R. 747 (1961); *Pueblo* v. *Torres*, 81 D.P.R. 678 (1960).

■ Igualmente hemos sostenido que habiéndose probado o admitido un escalamiento, la posesión por el acusado de los artículos robados sin que éste pueda dar una explicación de dicha posesión, creíble por el juzgador, que sea inconsistente con su posible culpabilidad o en ausencia de que el acusado pueda probar que obtuvo dichos artículos en forma honesta, dicha posesión no explicada satisfactoriamente es un factor que tiende a demostrar con gran fuerza la culpabilidad del acusado y tomado junto a las demás circunstancias del caso puede justificar la convicción. La posesión requerida debe ser exclusiva, pero ello no quiere decir exclusiva de una persona, sino exclusiva de aquellos que han actuado conjuntamente. *Pueblo* v. *Pagán Medina*, 99 D.P.R. 753 (1971).

■ En el caso de *Pueblo* v. *Rodríguez*, supra, señalamos que la inferencia de culpabilidad creada por la posesión no explicada de los objetos hurtados quedaba fortalecida por la

circunstancia de la fuga del acusado. Aunque el intento de fuga no quedó aclarado en el caso de autos por el policía, existen en este caso circunstancias que fortalecen la inferencia de culpabilidad que no estuvieron presentes en el caso de *Pueblo* v. *Rodríguez,* supra. Dichas circunstancias son las siguientes: (1) la guagua en donde estaban los objetos hurtados era propiedad del acusado, (2) el acusado fue encontrado en dicha guagua frente al lugar donde faltaron los objetos sustraídos, (3) en el momento en que llega el policía Matías salen huyendo dos personas que estaban junto a la guagua, y (4) especialmente, lo inusitado de la hora de la madrugada en que fuera el acusado sorprendido con la mercancía hurtada. Tales circunstancias unidas a la posesión de los objetos hurtados no explicada satisfactoriamente es suficiente para sostener la convicción del acusado.

*Se confirmará la sentencia apelada.*

El Juez Presidente, Señor Negrón Fernández, no intervino.