EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JAIME BATISTA MALDONADO, acusado y apelante.

*Número:* CR-70-110        *Resuelto:* 24 de octubre de 1972

*Santos P. Amadeo, Enrique Calderón* y *Manuel García Marrero,* abogados del apelante; *Gilberto Gierbolini, Procurador General, Américo Serra* y *Jorge Ríos Torres, Procuradores Generales Auxiliares,* abogados de El Pueblo.

PER CURIAM: El apelante fue convicto del delito de hurto mayor por un jurado mediante votación de nueve a tres. En apelación señala los cuatro errores que a continuación mencionaremos.

Como primer señalamiento alega que la sentencia es nula porque el veredicto del jurado no fue unánime. Este planteamiento ha sido resuelto repetidamente por este Tribunal en forma adversa para el apelante. Véase *Pueblo* v. *Santos Sotomayor Rodríguez,* Cr. 71-71, Sentencia de 11 octubre 1972 y autoridades allí citadas. Véanse también,

*Pueblo* v. *Hernández Soto,* 99 D.P.R. 768 (1971); *Fournier* v. *González,* 80 D.P.R. 262 (1958); *Pueblo* v. *Robles,* Cr. 71-2, Sentencia de 18 octubre 1971; *Pueblo* v. *Delgado Lafuente,* 97 D.P.R. 266 (1969). El primer error señalado no se cometió.

■ El segundo señalamiento ataca la suficiencia de la prueba. Este planteamiento carece de mérito. Basta leer la transcripción de evidencia para encontrar que el veredicto está fundado en prueba suficiente. Obviamente el jurado no dio crédito a la declaración bastante evasiva e improbable del acusado y dio crédito a la prueba de cargo.

En el tercer señalamiento se argumenta que la sentencia es nula porque se aplicó en el caso una presunción que viola el debido proceso de ley y en el cuarto señalamiento se argumenta que la sentencia es nula porque dicha presunción no ha sido aprobada legislativamente o mediante una enmienda a las Reglas de Procedimiento Criminal de Puerto Rico. Como estos dos últimos señalamientos están relacionados entre sí los discutiremos conjuntamente.

■ En este caso se trata del hurto de un vehículo de motor. El vehículo—una camioneta Chevrolet—fue hurtado de la marquesina del hogar de su dueño durante la noche del 18 de mayo de 1969 o durante la madrugada del día siguiente. Habiéndolo dejado allí su dueño la noche del día 18 no amaneció en dicho lugar en la mañana del 19. Más tarde el vehículo fue encontrado abandonado y desmantelado en otro lugar. Le habían sacado la batería, las cinco llantas, cuatro aros de magnesio, las alfombras interiores y otros accesorios. Varios días más tarde el dueño del vehículo notó que un automóvil Chevrolet que estaba estacionado en una estación de gasolina llevaba los neumáticos y los aros antes mencionados que le habían sido hurtados. Como se desprende de la transcripción de evidencia la persona que los tenía en su posesión no pudo dar una explicación satisfactoria de dicha posesión. Se instruyó al jurado en el sentido de que la mera

posesión de los objetos hurtados no es por sí sola suficiente para sostener una convicción por el delito de hurto pero que en ausencia de prueba directa sobre el acto de la apropiación ilegal, la posesión por el acusado de la propiedad recientemente hurtada unida a otras circunstancias justifica que se someta la cuestión al jurado para la determinación definitiva sobre la responsabilidad criminal. También se le instruyó en el sentido de que en caso de tener el jurado una duda razonable en cuanto a la culpabilidad del acusado, entonces el veredicto debía ser de no culpable.

Idéntico planteamiento resolvimos adversamente para el apelante en *Pueblo* v. *Gagot Mangual,* 96 D.P.R. 625, 628 (1968). Allí dijimos:

"Los últimos tres errores se refieren a la suficiencia de la prueba y a la impugnación de lo que se califica como una 'presunción', la que se refiere a la posesión de objetos hurtados o sustraídos. Reiteradamente hemos resuelto que la posesión de los artículos hurtados no explicada satisfactoriamente, tiende a demostrar la culpabilidad del acusado, y que este hecho, tomado junto con otras circunstancias del caso, puede justificar su convicción. *Pueblo* v. *Rodríguez,* 91 D.P.R. 157 (1964) y casos allí citados. No se trata, sin embargo, de una 'presunción' como afirma el apelante; es una inferencia permisible de los hechos establecidos, cf. *Pueblo* v. *Vélez Matos,* 90 D.P.R. 9, 14 (1964)."

El apelante aduce un argumento histórico que no tiene validez. Señala que dicha presunción es una del derecho común anglosajón y que no tiene vigencia legal en Puerto Rico porque aquí no rige dicho derecho común anglosajón.

■ Si bien es cierto que ésta es una jurisdicción de derecho civil y que aquí no rige el "common law," *García Mercado* v. *Tribunal Superior,* 99 D.P.R. 293, 297 (1970); *Vda de Fornaris* v. *Amer. Surety Co. of N.Y.,* 93 D.P.R. 29, 47 (1966), nada nos impide adoptar enfoques, reglas o razonamientos de ese derecho, o de cualquiera otro, cuando nos parezcan racionales, justicieros y convenientes.

■ En adición a lo anterior, conviene también señalar que desde el año 1907, hemos aplicado por analogía determinadas reglas de la Ley de Evidencia a casos criminales. *Pueblo* v. *Rivera*, 12 D.P.R. 411, 419 (1907). La norma que aquí se impugna es una inferencia que puede hacerse o concluírse de evidencia indirecta y así lo autoriza el Art. 10 de nuestra Ley de Evidencia, 32 L.P.R.A. sec. 1630. La prentensión de que cada norma o interpretación de derecho procesal tiene que ser incorporada a nuestra ley legislativamente o mediante enmienda formal a nuestras Reglas de Procedimiento es absurda. Desde tiempo inmemorial se reconoce a los tribunales supremos la facultad de interpretar y aplicar la ley y de producir doctrinas o normas judiciales cuando ésto es necesario o indispensable para llenar las lagunas de la ley.

Para una relación de autoridades en casos en que se sostuvo la convicción de los acusados, aunque no hubo prueba directa, porque los acusados no pudieron explicar satisfactoriamente la posesión por ellos de los artículos hurtados y ese factor junto a otras circunstancias justificó la convicción, véase *Pueblo* v. *Rodríguez*, 91 D.P.R. 157, 161 (1964).

Tampoco se cometieron los errores apuntados en los señalamientos tercero y cuarto.

*Se confirmará la sentencia apelada en este caso.*