EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* OSCAR CRUZ, acusado y apelante.

*Número*: CR-73-8        *Resuelto*: 12 de noviembre de 1973

*Benigno Alicea Alicea,* abogado del apelante; *Miriam Naveira de Rodón, Procuradora General,* y *Ruth Tentori de Lebrón-Velázquez, Procuradora General Auxiliar,* abogados de El Pueblo.

SENTENCIA

San Juan, Puerto Rico, a 12 de noviembre de 1973

Contra el apelante se ventilaron por tribunal de derecho, previa renuncia a juicio por jurado, nueve cargos por posesión, transportación y venta de heroína, seis de ellos originados en la actuación del agente de la policía Herrera quien compró dicha droga al acusado en dos ocasiones, el 5 de abril y el 22 de mayo de 1968 y los otros tres cargos producto de la labor encubierta del agente de Rentas Internas José Mojica a quien el apelante vendió heroína el 24 de mayo de 1968. Sentenciado a penas concurrentes de 5 a 12 años de presidio,

en cada cargo, funda su recurso de apelación en dos señalamientos de error: (1) que no se le conectó con los *decks* ocupados el 22 de mayo de 1968 por ser insuficientes las marcas de identificación puestas en el laboratorio donde se analizó la substancia; y (2) insuficiencia de prueba para sostener la convicción en los cargos de 24 de mayo (acusación de 30 de julio). No cuestiona el apelante su convicción y sentencia por los tres cargos derivados de la venta de 12 *decks* consumada el 5 de abril.

■ (1) No se produjo la posible confusión de los tres *decks* comprados por el agente Herrera al apelante el 22 de mayo y otros tres *decks* adquiridos por el mismo agente el mismo día de José Ocasio, todos los cuales le fueron entregados al químico Vázquez para análisis, ya que el análisis se hizo el propio día de las transacciones en presencia del agente de la policía quien diferenció unos de otros por los colores de la envoltura: los del apelante blanco rayado, y los de Ocasio verde claro. Aun aceptando que las marcas de identificación puestas por el químico en las envolturas no fueron lo suficientemente explícitas, la identificación por el agente de la policía en cuya inmediata presencia se analizaron las muestras excluye la posibilidad de que se imputara al apelante heroína ocupada a otro.

(2) El 24 de mayo el agente de Rentas Internas Mojica actuando como encubierto, solicitó del apelante le vendiera heroína y éste convino en proveerle 12 *decks* por $32, precio que recibió en dinero del agente comprador. El acusado, que aparentemente no tenía la droga sobre su persona, le dijo al agente que esperara en lo que buscaba el material, se unió a un tal Papo Alvarez quien ese mismo día había vendido heroína al agente de Rentas Internas, y se retiraron ambos del lugar, regresando Alvarez solo a entregar los 12 *decks* al agente encubierto.

■ La prueba no revela el convenio entre el apelante y Alvarez que indujo a éste a entregar la droga pagada al pri-

mero. Pudo el apelante haber utilizado a Alvarez como mandadero para que entregara la heroína que el primero guardaba o careciendo de la mercancía en ese momento pudo haberle comprado y pagado los 12 *decks* a Alvarez con la encomienda de que éste pusiera la heroína en manos del agente comprador. No estamos frente al caso de la posesión breve o temporera correctamente sancionada en *Pueblo* v. *Pellot Pérez,* 92 D.P.R. 812, 814 (1965). La evidencia circunstancial no permite inferir, y la directa no establece, que aparte de realizar un acto de venta, incurriera también el apelante en los delitos de posesión y transportación de la referida droga.

Se absuelve al apelante de los cargos por posesión y dominio; y ocultación y transportación de heroína correspondientes al 24 de mayo de 1968, y se confirman las sentencias apeladas dictadas el 13 de diciembre de 1968 por la Sala de San Juan del Tribunal Superior, en todos los demás cargos.

Así lo pronunció y manda el Tribunal y certifica el Secretario. El Juez Asociado Señor Martín emitió voto disidente en parte.

(Fdo.) José L. Carrasquillo
*Secretario*

—O—

Voto disidente en parte del Juez Asociado Señor Martín.

San Juan, Puerto Rico, a 12 de noviembre de 1973

Estoy conforme con la confirmación que hoy hacemos de las sentencias dictadas contra el apelante el 13 de diciembre de 1968 por el tribunal de instancia. Pero, no estoy conforme con la absolución del apelante en cuanto a los tres cargos por posesión y dominio, y ocultación y transportación de heroína correspondientes al 24 de mayo de 1968 en relación con la transacción entre el apelante y el agente de Rentas Internas José Mojica.

Aunque no hay prueba directa para demostrar que el apelante tuviese la posesión física de la droga, puede inferirse que el apelante y el que entregó la droga tenían una posesión conjunta y por tanto el control de la misma. Ya hemos dicho reiteradamente que no es necesario tener la tenencia física para estar incurso en los delitos castigados por la Ley de Narcóticos. La posesión puede ser inmediata o constructiva. El acusado tiene la posesión constructiva cuando mantiene el control o el derecho al control del contrabando. *Pueblo* v. *Cruz Rosado*, 97 D.P.R. 513 (1969). El apelante en este caso hizo la venta al agente, recibió el pago en dinero, se retiró para buscar el material, y luego apareció un tercero a hacer entrega de la droga al agente. Es inescapable que la entrega se hacía por instrucciones del apelante, quien conforme a la prueba, tenía interés en la venta. El apelante tenía la droga "en su poder" que es lo mismo que decir que tenía el poder de controlar su disposición. No podemos sustraernos ante la ingenuidad de creer que el apelante, quien había recibido el pago con antelación a la entrega, no tenía relación alguna con la determinación de la entrega de la droga. Concluyo pues que éste ejercía el control inmediato o constructivo de la droga. En el caso de *Pueblo* v. *Pellot Pérez*, 92 D.P.R. 812 (1965) hicimos una distinción entre la "posesión civil" contenida en el Código Civil y la posesión requerida bajo la Ley de Narcóticos. 24 L.P.R.A. sec. 742. Allí dijimos que la posesión civil consiste en la tenencia de una cosa por una persona, unida a la intención de haberla como suya. *Pueblo* v. *Pellot Pérez*, supra, pág. 815. Dijimos además que la intención de la Ley de Narcóticos era el de proteger la salud, la moral y la seguridad pública y no el de reglamentar la propiedad y las diversas maneras de poseer una cosa. No caben, pues, en la interpretación del término posesión bajo la Ley de Narcóticos, las sutilezas técnicas del Código Civil. Se trata sencillamente de una inferencia razonable que de los hechos probados hace en su discernimiento el juez sin que al efecto medie mandato

expreso de la ley. Ley de Evidencia, 32 L.P.R.A. sec. 1882. Véase *Pueblo* v. *Rodríguez*, 91 D.P.R. 157, 161 (1964). En vista de lo anterior, yo confirmaría la sentencia en cuanto a los tres cargos por posesión y dominio y ocultación y transportación de heroína correspondientes al 24 de mayo de 1968.